O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEBRA SHORT, ) | Case No. EDCV 09-02003-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Debra Short ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action should be remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on October 29, 1962. (Administrative Record ("AR") at 72). She has a college degree and relevant work experience as a pharmacy technician. (AR at 15, 21).

Plaintiff filed applications for DIB and SSI in April 2007, alleging disability as of December 1, 2003, based on low back pain, leg pain, high blood pressure, diabetes, and high cholesterol. (AR at 72-86, 130-31). These applications were denied initially and on reconsideration. (AR at 8, 39-44, 47-51).

At Plaintiff's request, an administrative hearing was held on March 18, 2009, before Administrative Law Judge F. Keith Varni ("the ALJ"). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 17-31).

On June 29, 2009, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act. (AR at 8-16). The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability (step one), and Plaintiff suffers from the severe impairments of low back pain and obesity (step two), but these conditions did not meet the requirements of any impairment in the "Listings," 20 C.F.R. Part 404, Subpart P, Appendix 1 (step three). (AR at 9, 12). With respect to Plaintiff's residual functional capacity, the ALJ found Plaintiff was capable of the following: lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing, walking, and sitting six hours in an eight-hour workday; balancing, bending, stooping, crouching, and kneeling occasionally; climbing of ramps, stairs, ladders, ropes and scaffolds frequently; and crawling frequently. (AR at 12, 14-15). Based on this residual functional capacity, the ALJ determined that Plaintiff was capable of performing her past relevant work as a pharmacy technician (step four). (AR at 15).

Therefore, the ALJ concluded that Plaintiff was not disabled. (AR at 15).

On August 21, 2009, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. (AR at 1-3). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation of disputed issues on May 24, 2010. Plaintiff raises the following arguments:

1.  The ALJ erred by failing to properly consider the opinions of Plaintiff's treating physicians. (Joint Stipulation 3-6, 11).

2.  The ALJ erred by failing to properly consider the demands of Plaintiff's past work. (Joint Stipulation 12-14, 16-17).

3.  The ALJ erred by failing to properly consider lay witness testimony. (Joint Stipulation 17-19, 21).

Plaintiff seeks remand for a payment of benefits or, in the alternative, remand for a new administrative hearing and further development of the record. (Joint Stipulation at 21-22). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 22). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. Discussion**

    **A. Treating Physician's Opinion**

Plaintiff received treatment at the Community Health Alliance of Pasadena ("CHAP") from June 2002 through May 2007 for a variety of conditions, including hypertension, lumbosacral impingement, abdominal pain, and numbness and decreased sensation in her toes. (AR at 192-319, 347, 363-66, 505, 537). Plaintiff reported that she was seen primarily by three physicians at CHAP, Maria Mason, M.D., Daisy Eng, M.D. and Ulin Sargeant, M.D. (AR at 180). Plaintiff saw Dr. Sargeant from October 2006 through May 2007. (AR at 180). Although the record contains at least a hundred pages of chart notes and referral forms from Dr. Eng, Dr. Mason, and other CHAP physicians, the only record from Dr. Sargeant was a state disability form titled "Physician's Supplementary Certificate" and dated February 20, 2007. (AR at 537). Dr. Sargeant reported that Plaintiff was suffering from lower back pain, and was "still limited in certain weight bearing exercises despite our recent achievement of pain control." (AR at 537). Dr. Sargeant opined that Plaintiff would require further

assessment "via orthopedics," and that Plaintiff was not expected to be able to perform her regular work until August 20, 2007. (AR at 537).

In contravention of the governing regulations, the ALJ completely disregarded Dr. Sargeant's opinion. *See* 20 C.F.R. §§ 404.1527(d) ("[r]egardless of its source, we will evaluate every medical opinion we receive"), 416.927(d) (same). In fact, the ALJ did not discuss any of the CHAP records at all. Although the ALJ was not required to discuss every piece of evidence in the record, he was obligated to address significant, probative evidence. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

The Commissioner contends Dr. Sargeant's report was not significant because "a one-page certification from a doctor stating the claimant could not return to work [ ] is not a medical opinion and does not prove disability." (Joint Stipulation at 7). The Court disagrees. Clearly, Dr. Sargeant's opinion, addressing Plaintiff's ability to work, was significant evidence. Although the ALJ does not have to follow the medical opinion of a treating physician, he "must give specific, legitimate reasons for disregarding the opinion of the treating physician." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). If the ALJ thought he needed additional information to properly evaluate Dr. Sargeant's opinion, he had a duty to conduct an appropriate inquiry. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1282, 1286, 1288 (9th Cir. 1996) (finding legal error where ALJ ignored medical evidence of claimant's other impairments and additional legal error where ALJ rejected uncontradicted opinion of treating physician without developing the record).

In sum, the ALJ failed to adequately assess the medical report from

Plaintiff's treating physician, Dr. Sargeant. Because the record remains undeveloped with respect to this opinion, the Court is not able to determine whether the medical and other evidence compels the conclusion that Plaintiff is disabled. Thus, remand for an award of benefits is not justified. *See Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). Instead, this case should be remanded for further proceedings so that the ALJ may consider the opinion of Plaintiff's treating physician, determine what weight to give that opinion, and conduct any further proceedings that may be necessary.[1]

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that this matter be remanded to the defendant for further proceedings consistent with this Memorandum Opinion and Order.

DATED:   June 30, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[1] Because the ALJ improperly rejected Dr. Sargeant's opinion and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.